

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-75,580/75,581

### Ex parte BILLY FREDERICK ALLEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM THE 195th DISTRICT COURT
### DALLAS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

The plurality fails to even mention that the trial court made findings of fact on appellant's *Brady*[1] claim on March 28, 2008. Those findings directly contradict some of the so-called facts recited by the plurality in support of its decision to grant relief.

The plurality claims that Detective Holman and applicant's habeas investigator both discovered a "Billy Wayne Allen" who had drug and robbery convictions and who knew one of the victims. But the trial court found "no evidence, record or extrinsic, that any of the [other] 'Billy Allens' discovered by Holman had 'connections to drug trafficking' or 'ties to the narcotics trade.'"

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1983).

Holman testified "only that the other 'Billy Allens,' i.e. Wayne and Ray, had criminal records, not that they had a record of drug-related offenses." The trial court found that "the only 'Billy Allen' known to Holman and known to have a history of drug related offenses was applicant." Moreover, the trial court found that "applicant was the only 'Billy Allen' known by Holman to have any connection to the victims, Perry Sewell or Raven Lashbrook." Finally, the trial court found that "the Billy Wayne Allen discovered by applicant in the course of the prior writ proceedings is not the same Billy Wayne Allen known to Holman in 1983," observing that "their 'Billy Wayne Allens' did not share the same birth date or address."

Further, these findings strengthen the trial court's September 19, 2006 finding that "trial counsel . . . was not ineffective . . . for failing to discover the evidence of an alternate perpetrator before trial." The "Billy Wayne Allen" known to the police investigator on the case had no connection to the victims or the drug trade, so applicant's counsel was not ineffective for failing to further investigate that individual. I respectfully dissent.

Filed: February 4, 2009
Do Not Publish